**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL RENZI<br>Plaintiff<br><br>-vs-<br><br>DELOITTE & TOUCHE USA, LLP<br>Defendants | : | C.A. NO. 05- 290 T |

**COMPLAINT**

1. This action arises pursuant to 29 U.S.C. §621 et seq., (Age Discrimination in Employment Act).

2. This court has federal question jurisdiction over this action pursuant to 29 U.S.C. §626, and has diversity jurisdiction pursuant to 28 U.S.C. §1332.

3. All conditions and prerequisites to jurisdiction under 29 U.S.C. §621 and 28 U.S.C. §1332 have occurred or been complied with. The amount in controversy exceeds $75,000.

4. The plaintiff, Michael Renzi ("Renzi") is a 60 year-old resident of the State of Rhode Island.

5. The defendant, Deloitte & Touche USA, LLP ("Deloitte"), was at all times pertinent hereto, a Delaware limited liability partnership qualified to do business in the State of Rhode Island and was doing business in the State of Rhode Island.

**COUNT I**

6. On April 4, 1999, Renzi became a full time employee of Deloitte. Prior

thereto Renzi had been an independent consultant to Deloitte.

7. On or about October 31, 2004, Deloitte discharged the plaintiff without cause or justification.

8. Venue is appropriate pursuant to 42 U.S.C. §2000e-5(f)(3) in that, but for the plaintiff's unlawful termination, he would have continued to work within the State of Rhode Island.

9. The discharge of plaintiff has deprived him of his rights under 29 U.S.C. §621 et seq. in that the termination denies the plaintiff of equal opportunity for employment on the basis of age.

10. In terminating the plaintiff, defendant willfully, knowingly and intentionally discriminated against him on the basis of age.

11. As a result of defendant's actions, plaintiff has sustained economic losses including past and future compensation and other economic benefits, attorney fees and litigation expenses.

WHEREFORE, plaintiff prays that this court:

(a) award damages to plaintiff for the income and benefits he has been deprived of from the date of his termination of employment to the date of the entry of judgment on this action.

(b) award liquidated damages to plaintiff for defendant's willful violations of 29 U.S.C. §623 in an amount equal to lost back wages and benefits.

(c) order defendant to restore plaintiff to his rightful position in defendant's work force, or, in the alternative, award front pay to plaintiff from the date of

judgment until plaintiff's seventieth (70th) birthday.

(d) order defendant to pay plaintiff's reasonable attorney's fees and costs in maintaining this action.

(e) order such other and further relief as this court may deem just and proper.

**COUNT II**

12. At the time of plaintiff's termination there were other open positions with Deloitte for which he was fully qualified based on his experience and abilities.

13. These openings with defendant were subsequently filled by other younger employees.

14. In failing to place plaintiff in any of these positions, Deloitte has deprived Renzi of his rights under 29 U.S.C. §621 et seq., in that their failure to retain him denies the plaintiff an equal opportunity for employment on the basis of age.

15. In not retaining plaintiff, defendant willfully, knowingly and intentionally discriminated against him on the basis of age.

16. As a result of defendant's actions, plaintiff has sustained economic losses including past and future compensation and other economic benefits, attorney fees and litigation expenses.

WHEREFORE, plaintiff prays that this court:

(a) award damages to plaintiff for the income and benefits he has been deprived of from the date of the wrongful failure to hire to the date of entry of

judgment on this action.

(b) award liquidated damages to plaintiff for defendant's willful violations of 29 U.S.C. §623 in an amount equal to lost back wages and benefits.

(c) order defendant to hire plaintiff for one of these positions (or an equivalent one), or, in the alternative, award front pay to plaintiff from the date of the wrongful failure to hire to the date of his seventieth (70th) birthday.

(d) order defendant to pay plaintiff's reasonable attorney's fees and costs in maintaining this action.

(e) order such other and further relief as this court may deem just and proper.

JAMES H. REILLY #0658

DONALD J. MARONEY #3737
KELLY, KELLEHER, REILLY & SIMPSON
Attorneys for Plaintiff
146 Westminster Street - Suite 500
Providence, Rhode Island 02903-2202
(401) 272-1312
(401) 331-9397) fax

Plaintiff hereby demands trial by jury.

JAMES H. REILLY #0658

Donald J. Maroney

DONALD J. MARONEY #37[illegible]7
KELLY, KELLEHER, REILLY &
SIMPSON
Attorneys for Plaintiff

June 28, 2005