UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL RENZI,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE SERVICES LP,<br><br>Defendant. | Civil Action No. 05-290T |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Defendant Deloitte Services LP ("Deloitte") opposes Plaintiff Michael Renzi's ("Renzi") Motion to Extend Discovery. Mr. Renzi has had ample time since February 1, 2006 to complete discovery in this garden variety age discrimination case. He should not be allowed to extend the discovery period right before it is set to close without a showing of good cause for why such an extension in necessary. Although Mr. Renzi suggests that Deloitte's actions have prevented him from completing his discovery on time, in fact, Mr. Renzi has himself created the circumstances that he claims necessitates his request for an extension. It was Mr. Renzi who elected to wait until three weeks before the discovery cut-off to improperly serve Deloitte with deposition notices for seven (7) current and/or former employees of Deloitte — all but one of whom live outside the 100-mile subpoena power of this Court — for depositions during the last week of discovery. Not only does Mr. Renzi fail to provide a reasonable explanation for his delay, Mr. Renzi fails to explain why any of these depositions are necessary to his case, or why they would preclude Deloitte from filing its motion for summary judgment. Indeed, none of these witnesses has anything material to add to the facts of this case that have been established to date, and Mr.

Renzi has admitted as much by now seeking to depose only three (3) of the seven (7) individuals he originally noticed.

Mr. Renzi simply has not made, nor can he make, the requisite showing of good cause to warrant any modification of the scheduling order or discovery events. Instead, the record reveals that (1) Mr. Renzi has not been diligent in his discovery efforts; (2) Deloitte has fully and timely met (or will fully and timely meet) its discovery obligations and has completed all of its own discovery by the deadline; and (3) all of the additional depositions Mr. Renzi proposes to take are unnecessary and would unduly burden Deloitte and the out-of-state third-party witnesses. For all of these reasons, Mr. Renzi's Motion should be denied.

**NATURE OF THE CASE**

Mr. Renzi alleges that he was discriminated against on account of his age when Deloitte eliminated his position and laid him off in July 2004. Discovery has established that Mr. Renzi's age had nothing to do with its decision to eliminate his position; rather, his position was eliminated due to budget cuts and a determination that the responsibilities of his position could be distributed among other employees and performed as part of these employees' existing duties. Indeed, Mr. Renzi does not dispute that other existing employees, namely Catherine Runge, Mary Duncan and Michelle Ratcliffe, assumed the responsibilities of his former position after he was laid off.

**PROCEDURAL BACKGROUND**

Mr. Renzi filed his Complaint on July 1, 2005. On August 2, 2005, Mr. Renzi agreed that Deloitte could have until August 30, 2005 to answer the Complaint. Deloitte duly filed its answer with the Court on August 30, 2005. On January 27, 2006 in accordance with Fed. R. Civ. P. 26(a), Deloitte provided Mr. Renzi with its initial disclosures, which included over 330 pages

of documents. The Court held a pretrial conference on February 1, 2006, at which time the Court issued a Scheduling Order establishing August 1, 2006 as the deadline for serving all interrogatories and requests for production, and completing all depositions and other discovery.

On February 7, 2006, Deloitte served Mr. Renzi with a notice of deposition, interrogatories and document requests. On March 3, 2006, Deloitte duly served Mr. Renzi with its answers and objections to his interrogatories and document requests. In particular, Deloitte objected to providing the home and business addresses of its current and former employees on grounds that disclosure of such information would violate the privacy rights of these individuals, none of whom are party to this litigation. Mr. Renzi voiced no objection to any of Deloitte's discovery responses, including its response to his request for employees' home and business addresses, until one week before discovery was set to close. Mr. Renzi's only objection to Deloitte's discovery responses is to Deloitte's withholding of the addresses of its employees.

Deloitte took Mr. Renzi's deposition on June 9, 2006, well before the close of discovery. Mr. Renzi then noticed and on June 29 took the deposition of Mr. Joseph Gibbons, Mr. Renzi's former supervisor, and the only one at Deloitte he claims discriminated against him.

Approximately three weeks before the close of discovery,[1] Mr. Renzi served Deloitte with a flurry of last-minute discovery, including a second set of document requests and deposition notices for seven individuals for deposition at various times on July 24, July 25, and July 31. Deloitte, through its counsel, promptly responded in a letter dated Friday, July 14, 2006, that all of the individuals, with the exception of Ms. Jill Silverstein, were located in states other than Rhode Island and were well outside the 100-mile limit of the Court's subpoena power under Fed. R. Civ. P. 45(b)(2). Deloitte further indicated that were a valid subpoena to be served on

[1] Although these discovery requests are dated July 5, 2006, Mr. Renzi's counsel served these requests by regular mail, which Deloitte's counsel did not receive until July 11, 2006.

these witnesses, Mr. Renzi would be required to take the depositions of these individuals within 100 miles of their residence. Given the undue burden and expense that would be placed on these individuals, and given the last-minute notice, Deloitte noted that it would object to any subpoena served on these third-party witnesses. Deloitte did agree, however, to produce Ms. Silverstein, who works in Boston, Massachusetts, for her deposition as noticed.

Mr. Renzi's counsel did not respond until Wednesday, July 19, 2006 — three business days before the depositions were scheduled to take place — when he called Deloitte's counsel to informally request the addresses of all of these individuals. At no time, however, had Mr. Renzi served Deloitte with any interrogatories requesting such information for nearly half of these individuals. Even if he had, Deloitte would have objected to providing such information on the same privacy grounds that it asserted in response to Mr. Renzi's interrogatories concerning the other half of this group of people. Moreover, Mr. Renzi failed to offer any explanation for his purported need to depose these individuals, particularly where Mr. Renzi himself testified that the only person at Deloitte who discriminated against him was Mr. Gibbons, whom he already had a full day to depose. The individuals Mr. Renzi noticed for deposition, whom Mr. Gibbons mentioned — in passing — at his deposition, are at best peripheral to this case and have nothing of substance to add to the facts established throughout the discovery period. Accordingly, Deloitte declined to provide Mr. Renzi with these individuals' addresses in a letter by its counsel dated July 20, 2006.

The parties went forward on July 24 with the deposition of Ms. Silverstein, who traveled from Boston, Massachusetts to Providence, Rhode Island for the deposition. The deposition lasted no more than a half hour, as Mr. Renzi's counsel had little to ask Ms. Silverstein, and she had essentially nothing to add to Mr. Gibbons' testimony.

The next day, on July 25, Mr. Renzi indicated his intention to file this motion to extend the discovery period, and for the first time since Deloitte served its answers to his interrogatories in early March, indicated his intention to file a motion to compel "more responsive answers to interrogatories." Deloitte's counsel promptly replied that Deloitte was willing to resolve this without seeking the court's intervention, but was perplexed as to the grounds for such motion, as Mr. Renzi's counsel failed to indicate any. When Mr. Renzi's counsel made it clear, however, that all he was seeking were the previously requested addresses in order to take additional (and unnecessary and unduly burdensome) discovery past the discovery deadline, Deloitte maintained its prior objections to producing this information.

On July 28, 2006, Plaintiff's counsel filed a motion to compel the addresses of three of the individuals, and filed the motion for extension of time, both of which should be denied for the reasons set forth below.

## ARGUMENT

An extension of the scheduling order should be granted only "upon a showing of good cause." Fed. R. Civ. P. 16(b). This standard requires Mr. Renzi to demonstrate that the scheduling order "cannot reasonably be met despite [his] diligence." Rule 16(b), Federal Rules of Civil Procedure Advisory Committee Notes— 1983 Amendment. Mr. Renzi is unable to meet this standard.

### A. PLAINTIFF HAS SQUANDERED THE DISCOVERY PERIOD AND THEREFORE CANNOT ESTABLISH "GOOD CAUSE" FOR AN EXTENSION.

Mr. Renzi claims that he was unable to complete his needed discovery within the current discovery period. If this is true, it is only because of Mr. Renzi's own lack of diligence, or his own misguided tactical decision to delay depositions until the eleventh hour. A party's inefficient behavior, whether purposeful or inadvertent, cannot be the basis for an extension of

discovery. See AMW Materials Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003) (whether failure to take depositions within the time permitted was a "calculated decision" or the result of "oversight or inadvertence," the moving party failed to meet the "good cause" standard for extending the scheduling order). Despite having the bulk of Deloitte's responsive document production and interrogatory responses in early March, Mr. Renzi waited until June 29 to take his first deposition. He then waited until three weeks before the close of discovery to serve additional document requests and notice seven additional depositions, all to occur during the week before discovery was set to close. The fact that the parties engaged in settlement discussions[2] at the beginning of the discovery period is no excuse for this delay, particularly where those discussions ended in May and Deloitte has completed all of its discovery on time.

Mr. Renzi's current predicament is no one's fault but his own. After receiving Deloitte's objections to his discovery requests on March 3, 2006, Mr. Renzi sat silently for nearly five months before voicing any dispute with those objections, and requesting the addresses of the witnesses he seeks to depose so that he may serve them with deposition subpoenas. Had he sought their addresses sooner, he would have had time to properly serve them with deposition subpoenas, and depose these individuals within 100 miles of their residences. Moreover, had Mr. Renzi conducted a simple review of the discovery that Deloitte had already produced,[3] he would have known that many of these individuals worked in Wilton, Connecticut; Chicago, Illinois; Atlanta, Georgia; and Tampa, Florida. Under these circumstances, any attempt by Mr. Renzi to claim that he has been diligent in his pursuit of discovery and has good cause to move

---

[2] The matter was on the verge of settlement when Mr. Renzi, for reasons unknown, backed out of the settlement discussions.

[3] The employee list that Deloitte provided in its initial disclosures indicates the office locations in which these employees work. Deloitte's answer to Mr. Renzi's Interrogatory No. 12 also clearly indicates that Mr. Mark Chain presently works in Deloitte's Wilton, Connecticut office. Moreover, Mr. Gibbons testified during his deposition that Ms. Michele Sommer is likewise located in Wilton, Connecticut. Gibbons Dep. 92:17-18.

to extend the discovery period is disingenuous. See Scheidecker v. Arvig Enterp., Inc., 193 F.R.D. 630, 631 (D. Minn. 2000) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (internal citation omitted).

Mr. Renzi attempts to blame Deloitte's objection to provide the addresses of these individuals for his failure to complete discovery on time. This argument is baseless. First of all, even assuming Deloitte had provided Mr. Renzi with these addresses when he requested them in July, it would have been very difficult for him to secure their appearance for deposition in the time frame he proposed. Indeed, even if these witnesses lived in *Providence*, Mr. Renzi waited to notice their depositions until it was unlikely that he would be able to secure their availability on such short notice during the last week of July.

Moreover, Deloitte has duly met all of its discovery obligations. Mr. Renzi is simply using this minor dispute over three addresses to create a reason to extend discovery. Notably, Mr. Renzi has voiced no objection to any of Deloitte's other discovery responses. Deloitte has also timely produced its local witnesses in response to Mr. Renzi's deposition notices. Furthermore, Deloitte has completed all of its own discovery well before the discovery deadline. Deloitte should not be required to bear the burden and expense of even more discovery because of Mr. Renzi's failure to use the already ample discovery time wisely.

## B. PLAINTIFF HAS FAILED TO SHOW THE NECESSITY FOR THE ADDITIONAL DEPOSITIONS HE SEEKS TO TAKE.

Mr. Renzi's motion should also be denied because he has offered no basis for why the additional depositions he seeks to take are necessary, or how the benefit of these depositions would outweigh the significant burden and expense on the parties and on the non-party deponents. Cf. Fed. R. Civ. P. 26(b)(2) ("[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules … shall be limited by the court if it determines

that …. (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case … and the importance of the proposed discovery in resolving the issues"). Again, this is a garden variety disparate treatment case. Mr. Renzi has already testified that only Mr. Gibbons at Deloitte discriminated against him. All of the noticed deponents live and work outside of Rhode Island, and outside the 100-mile subpoena power of this Court, in either Wilton, Connecticut; Tampa, Florida; Atlanta, Georgia; or Chicago, Illinois. Even assuming that Mr. Renzi were able to serve these witnesses with valid deposition subpoenas from the courts in these jurisdictions, it would then require substantial expense either for Deloitte's employees to travel to Rhode Island, or for Deloitte's counsel to travel to these states to defend the depositions of these individuals.

Rule 26(b)(2) also protects a party from discovery that is "unreasonably cumulative or duplicative" or where "the party seeking discovery has [already] had ample opportunity … to obtain the information sought." Mr. Renzi has failed to assert, let alone demonstrate, that any of the three to six additional depositions he has noticed will yield something more than the 330 pages of documents he has obtained and the two depositions Mr. Renzi has already taken. The futility of Mr. Renzi's proposed depositions is exemplified by his recent deposition of Ms. Jill Silverstein, which lasted a half an hour, and during which she added nothing of value. *See Cabana* v. *Forcier, KNA Trucking Co. Inc.*, 200 F.R.D. 9, 15 (D. Mass. 2001) (denying extension of tracking order where the plaintiff failed to show that the additional testimony would not be duplicative of previously obtained testimony). Indeed, though Mr. Renzi initially sought to depose seven (7) current and/or former employees of Deloitte, after deposing Ms. Silverstein, he has apparently decided that he no longer needs to depose three of the remaining six people.

As to the three employees he still seeks to depose, Mr. Renzi has failed to demonstrate depositions of these individuals would make any difference to Deloitte's filing of a motion for summary judgment. There is no dispute that two of the individuals, Mary Duncan and Michelle Ratcliffe, like Ms. Silverstein, have assumed a portion of Mr. Renzi's former duties after he was laid off. As noted in its July 27, 2006 letter to this Court, given this undisputed fact, Mr. Renzi cannot credibly argue that he was "replaced" by these individuals. *See, e.g., Cruz-Ramos* v. *Puerto Rico Sun Oil Co.*, 202 F.3d 381, 384 (1st Cir. 2000) ("When the functions of a furloughed employee are absorbed into the responsibilities of existing employees, who perform these duties along with their own, no legally cognizable 'replacement' occurs"). Accordingly, the depositions of Ms. Duncan and Ms. Ratcliff would add nothing of value to the disposition of this case.

Similarly Mr. Renzi has offered no explanation for the need to depose Mr. Mark Chain, a Principal of Deloitte & Touche USA LLP (the parent company of Deloitte Services, LP), given the abundant documentation Deloitte has already produced concerning Deloitte's reduction-in-force. There is simply no reason why Mr. Renzi needs to depose Mr. Chain or any Deloitte other employee, particularly where Mr. Renzi himself has testified that the only person at Deloitte who discriminated against him was Mr. Gibbons, whom he has already had a full day to depose. Cf. Cariglia v. Hertz Equipment Rental Corp., 363 F.3d 77, 85 (1st Cir. 2004) (the "biases of one who neither makes nor influences the challenged … decision are not probative in [a] … discrimination case"). In sum, Mr. Renzi has failed to meet his burden of demonstrating good cause for taking any additional depositions. Therefore his Motion to extend the discovery period should be denied.

## CONCLUSION

For the foregoing reasons, Deloitte respectfully requests that Plaintiff's Motion to Extend Discovery be denied.

DELOITTE SERVICES LP,
By its attorneys,

/s/ Timothy P. Van Dyck

Timothy P. Van Dyck (BBO No. 548347 )
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100
(617) 227-4420 (fax)

and

Darlene K. Alt (#6345)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2006, and that there are no non-registered participants.

/s/ Timothy P. Van Dyck