UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL RENZI,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE SERVICES LP,<br><br>Defendant. | Civil Action No. 05-290T |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Defendant Deloitte Services LP ("Deloitte") submits this memorandum in opposition to Plaintiff Michael Renzi's ("Renzi") Motion to Compel More Responsive Answers to Interrogatories (Plaintiff's "Motion"). Plaintiff's Motion incorrectly suggests that Deloitte has suddenly and unreasonably refused to produce the home and business addresses of three of Deloitte's current employees. On the contrary, Deloitte properly objected to producing this information back in March, near the very beginning of discovery, on grounds that the disclosure of such information would violate the privacy rights of these individuals, none of whom are party to this case. Deloitte also objected at that time to providing this information on grounds that it would be improper for Plaintiff or his counsel to attempt to contact these individuals on an *ex parte* basis. Plaintiff voiced no objection to these interrogatory answers for nearly five months.

Then suddenly, for the first time, a week before the discovery cut-off, Plaintiff insisted upon receiving this information so that he could take several depositions after the discovery period ended. At no time, however, has Mr. Renzi offered any explanation for why he believes these depositions are necessary. Given that these individuals are located outside of Rhode Island, and outside of the 100-mile limit of the Court's subpoena power, Mr. Renzi failed to

persuade Deloitte to withdraw its original objections to producing the information. Rather, Deloitte expressed an additional objection to Mr. Renzi's request on grounds that discovery was about to close, and Mr. Renzi simply had no need to depose these people who were, at best, peripheral to his case. Moreover, Plaintiff's only purported need for these individuals' addresses is premised upon the assumption that the Court will grant his Motion to Extend Discovery beyond the current deadline of August 1, 2006 and permit him to serve these individuals with deposition subpoenas. Because Plaintiff is unable to establish good cause for an extension of discovery, and because Plaintiff fails to meaningfully demonstrate why he is entitled to the specific information sought, Plaintiff's Motion to Compel should be denied.

## NATURE OF THE CASE

This is a garden variety age discrimination case. Mr. Renzi alleges that he was discriminated against because of his age when Deloitte eliminated his position and laid him off in July 2004. In fact, that Mr. Renzi's age had nothing to do with its decision to eliminate his position; rather, his position was eliminated due to budget cuts and a determination that the responsibilities of his position could be distributed among other employees and performed as part of these employees' existing duties. Indeed, Mr. Renzi does not dispute that other existing employees, namely Catherine Runge, Mary Duncan and Michelle Ratcliff, assumed the responsibilities of his former position after he was laid off.

## PROCEDURAL BACKGROUND

Mr. Renzi filed his Complaint on July 1, 2005. On August 2, 2005, Mr. Renzi agreed that Deloitte could have until August 30, 2005 to answer the Complaint. Deloitte duly filed its answer with the Court on August 30, 2005. On January 27, 2006 in accordance with Fed. R. Civ. P. 26(a), Deloitte provided Mr. Renzi with its initial disclosures, which included over 330 pages

of documents. The Court held a pretrial conference on February 1, 2006, at which time the Court issued a Scheduling Order establishing August 1, 2006 as the deadline for serving all interrogatories and requests for production, and completing all depositions and other discovery.

On February 7, 2006, Deloitte served Mr. Renzi with a notice of deposition, interrogatories and document requests. On March 3, 2006, Deloitte duly served Mr. Renzi with its answers and objections to his interrogatories and document requests. In particular, Deloitte objected to providing the home and business addresses of its current and former employees on grounds that disclosure of such information would violate the privacy rights of these individuals, none of whom are party to this litigation. Mr. Renzi voiced no objection to any of Deloitte's discovery responses, including its response to his request for employees' home and business addresses, until a week before discovery was set to close. To date, Mr. Renzi's only objection to Deloitte's discovery responses is to Deloitte's withholding of the addresses of its employees.

Deloitte took Mr. Renzi's deposition on June 9, 2006, well before the close of discovery. Mr. Renzi then noticed and, on June 29, took the deposition of Mr. Joseph Gibbons, Mr. Renzi's former supervisor, and the only one at Deloitte he claims discriminated against him.

Approximately three weeks before the close of discovery,[1] Mr. Renzi served Deloitte with a flurry of last-minute discovery, including a second set of document requests and deposition notices for seven individuals for deposition at various times on July 24, July 25, and July 31. Deloitte, through its counsel, promptly responded in a letter dated Friday, July 14, 2006, stating that all of the individuals, with the exception of Ms. Jill Silverstein, were located in states other than Rhode Island and were well outside the 100-mile limit of the Court's subpoena power under Fed. R. Civ. P. 45(b)(2). Deloitte further stated that a valid subpoena would need to be

[1] Although these discovery requests are dated July 5, 2006, Mr. Renzi's counsel served these requests by regular mail, which Deloitte's counsel did not receive until July 11, 2006.

served on these witnesses and that Mr. Renzi would be required to take the depositions of these individuals within 100 miles of their residence. Given the undue burden and expense that would be placed on these individuals, and given the last-minute notice, Deloitte noted that it would object to any subpoena served on these third-party witnesses. Deloitte did agree, however, to produce Ms. Silverstein, who works in Boston, Massachusetts and her deposition went forward as noticed.

Mr. Renzi's counsel did not respond until Wednesday, July 19, 2006 — three business days before the depositions were scheduled to take place — when he called Deloitte's counsel to informally request the addresses of all of these individuals. At no time, however, had Mr. Renzi served Deloitte with any interrogatories requesting such information for nearly half of these individuals. Even if he had, Deloitte would have objected to providing such information on the same privacy grounds that it asserted in response to Mr. Renzi's interrogatories concerning the other half of this group of people. Moreover, Mr. Renzi failed to offer any explanation for his purported need to depose these individuals, particularly where Mr. Renzi himself testified that the only person at Deloitte who discriminated against him was Mr. Gibbons, whom he already had a full day to depose. The individuals Mr. Renzi noticed for deposition, whom Mr. Gibbons mentioned in passing at his deposition, are at best peripheral to this case and have nothing of substance to add to the facts established throughout the discovery period. Accordingly, Deloitte declined to provide Mr. Renzi with these individuals' addresses in a letter by its counsel dated July 20, 2006.

On July 24, the parties went forward with the deposition of Ms. Silverstein, who traveled from Boston, Massachusetts to Providence, Rhode Island for the deposition. The deposition

lasted no more than a half hour, as Mr. Renzi's counsel had little to ask Ms. Silverstein, and she had essentially nothing to add to Mr. Gibbons' testimony.

The next day, on July 25, Mr. Renzi indicated his intention to file this motion to extend the discovery period, and for the first time since Deloitte served its answers to his interrogatories in early March, indicated his intention to file a motion to compel "more responsive answers to interrogatories." Deloitte's counsel promptly replied that Deloitte was willing to resolve this without seeking the court's intervention, but was perplexed as to the grounds for such motion, as Mr. Renzi's counsel failed to indicate any. When Mr. Renzi's counsel made it clear, however, that all he was seeking were the previously requested addresses in order to take additional (and unnecessary and unduly burdensome) discovery past the discovery deadline, Deloitte maintained its prior objections to producing this information.

On July 28, 2006, Plaintiff's counsel filed a motion for an extension of discovery and the motion to compel the addresses of three of the individuals. Deloitte hereby opposes these motions.

## ARGUMENT

### I. <u>Disclosure of the home and business addresses of these individuals threatens to violate their rights to privacy.</u>

Plaintiff's Interrogatories Nos. 12, 13 and 14 request the home address, business address, date of birth and current job description of three of Deloitte's employees, Mark Chain, Mary Duncan and Michelle Ratcliffe,[2] respectively. Deloitte thoroughly and completely answered these interrogatories, and properly objected to providing the home and business addresses of these employees on privacy and relevance grounds. These individuals live and work in states

[2] None of Mr. Renzi's requests seek the home and business address of Michele Sommer, as Mr. Renzi mistakenly argues in his memorandum in support of his motion. Because Mr. Renzi failed to serve Deloitte with any interrogatories requesting the address of Michele Sommer, her information cannot be made a subject of Plaintiff's Motion.

outside of Rhode Island, and might be able to assert claims under state privacy laws against Deloitte if it disclosed this information. See, e.g, Remsberg v. Docusearch, Inc., No. Civ. 00-211-B, 2002 WL 844403, at *1, 4 (D.N.H. Apr. 25, 2002) (certifying the question of whether certain types of disclosure of a person's work address violates New Hampshire's privacy statute). Moreover, Deloitte also objected to producing this information because it would be improper for Plaintiff or his counsel to contact these employees on an *ex parte* basis. Cf. Rule 4.2 of the Massachusetts Rules of Professional Conduct. Unless Mr. Renzi can demonstrate that his need for this information outweighs these individuals' privacy interests, Deloitte must respect these people's privacy and withhold this information.

Furthermore, Deloitte did produce some information relating to these individuals' business addresses. For example, in its Answer to Interrogatory No. 12, Deloitte indicates that Mr. Mark Chain works in Deloitte's Wilton, Connecticut office. Deloitte also produced an employee list in its initial disclosures indicating the office locations of Ms. Ratcliffe and Ms. Duncan. It is thus disingenuous of Mr. Renzi to argue that Deloitte has utterly failed to provide such information to him, when he could have easily obtained it on his own by simply reviewing documentation Deloitte had previously produced in discovery.

## II. Plaintiff has failed to demonstrate why he is entitled to the information he seeks, and how it is relevant .

Mr. Renzi's motion should also be denied because he has offered no basis for why the additional depositions he seeks to take are necessary, or how the benefit of these depositions would outweigh the privacy interests of these individuals, or the significant burden and expense that would be placed on them. Cf. Fed. R. Civ. P. 26(b)(2) ("[t]he frequency or extent of use of the discovery methods otherwise permitted under these rules … shall be limited by the court if it determines that …. (iii) the burden or expense of the proposed discovery outweighs its likely

benefit, taking into account the needs of the case … and the importance of the proposed discovery in resolving the issues"). All of the noticed deponents live and work outside of Rhode Island, and outside the 100-mile subpoena power of this Court, in either Wilton, Connecticut; Tampa, Florida; or Atlanta, Georgia. Even assuming that Mr. Renzi were able to serve these witnesses with valid deposition subpoenas from the courts in these jurisdictions, it would then require substantial expense either for Deloitte's employees to travel to Rhode Island, or for Deloitte's counsel to travel to these states to defend the depositions of these individuals who, again, have little, if anything to add to this case.

Rule 26(b)(2) also protects a party from discovery that is "unreasonably cumulative or duplicative" or where "the party seeking discovery has [already] had ample opportunity … to obtain the information sought." Mr. Renzi has failed to assert, let alone demonstrate, that any of the three depositions he now seeks will yield something more than the 330 pages of documents he has obtained and the two depositions Mr. Renzi has already taken. The futility of Mr. Renzi's proposed depositions is exemplified by his recent deposition of Ms. Jill Silverstein, which lasted a half an hour, and during which she added nothing to Mr. Gibbons' testimony. See Cabana v. Forcier, KNA Trucking Co. Inc., 200 F.R.D. 9, 15 (D. Mass. 2001) (denying extension of tracking order where the plaintiff failed to show that the additional testimony would not be duplicative of previously obtained testimony). Indeed, though Mr. Renzi initially sought to depose seven (7) current and/or former employees of Deloitte, after deposing Ms. Silverstein, he has apparently decided that he no longer needs to depose three of the remaining six people.

As to the three employees he still seeks to depose, Mr. Renzi cannot show that the depositions of these individuals would make any difference to Deloitte's filing of a motion for summary judgment. There is no dispute that two of the individuals, Mary Duncan and Michelle

Ratcliffe, like Ms. Silverstein, have assumed a portion of Mr. Renzi's former duties after he was laid off. As noted in its July 27, 2006 letter to this Court, given this undisputed fact, Mr. Renzi cannot credibly contend that he was "replaced" by these individuals. *See, e.g., Cruz-Ramos* v. *Puerto Rico Sun Oil Co.*, 202 F.3d 381, 384 (1st Cir. 2000) ("When the functions of a furloughed employee are absorbed into the responsibilities of existing employees, who perform these duties along with their own, no legally cognizable 'replacement' occurs"). Accordingly, the depositions of Ms. Duncan and Ms. Ratcliff would be meaningless.

Similarly Mr. Renzi has offered no explanation for the need to depose Mr. Mark Chain, a Principal of Deloitte & Touche USA LLP (the parent company of Deloitte Services, LP), given the abundant documentation Deloitte has already produced concerning Deloitte's reduction-in-force. There is simply no reason why Mr. Renzi needs to depose Mr. Chain or any Deloitte employee, particularly where Mr. Renzi himself has testified that the only person at Deloitte who discriminated against him was Mr. Gibbons, whom he has already had a full day to depose. Cf. Cariglia v. Hertz Equipment Rental Corp., 363 F.3d 77, 85 (1st Cir. 2004) (the "biases of one who neither makes nor influences the challenged … decision are not probative in [a] … discrimination case"). Because Mr. Renzi cannot demonstrate good cause for taking the depositions of these individuals, his motion to compel their contact information for this purpose should be denied.

**CONCLUSION**

For the foregoing reasons, Deloitte respectfully requests that Plaintiff's Motion to Compel More Responsive Answers to Interrogatories be denied.

DELOITTE SERVICES LP,
By its attorneys,

/s/ Timothy P. Van Dyck
Timothy P. Van Dyck (BBO No. 548347 )
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100
(617) 227-4420 (fax)

and

Darlene K. Alt (#6345)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2006, and that there are no non-registered participants.

/s/ Timothy P. Van Dyck