UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL RENZI,<br>Plaintiff, | : | |
| v. | : | CA 05-290 T |
| DELOITTE SERVICES, LP,<br>Defendant. | : | |

**ORDER**
**DENYING WITHOUT PREJUDICE**
**PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel More Responsive Answers to Interrogatories (Document ("Doc.") #12) (the "Motion"). The Motion seeks to compel Defendant to provide the present home and business addresses of three of its employees, Mary Duncan, Michele Ratcliffe,[1] and Mark Chain, in order that these employees can be subpoenaed and deposed. Defendant objects on multiple grounds. First, Defendant argues that the Motion is untimely in that its answers to interrogatories were provided on March 3, 2006, and Plaintiff did not voice any objection to any of Defendant's answers "until a week before discovery was set to close." Defendant's Opposition to Plaintiff's Motion to Compel More Responsive Answers to Interrogatories (Doc. #15) ("Defendant's Opp.") at 3. Defendant also notes that the location where Mr. Chain works was contained in the answer to Interrogatory No. 12 and that the office

---

[1] In his memorandum in support of the Motion, Plaintiff states that he seeks the home and business addresses of Michele Sommer (not Michele Ratcliffe as stated in the Motion). See Memorandum in Support of Plaintiff Michael Renzi's Motion to Compel More Responsive Answers to Interrogatories at 1. Defendant points out that Plaintiff's interrogatories did not request the addresses of Michele Sommer. See Defendant's Opposition to Plaintiff's Motion to Compel More Responsive Answers to Interrogatories (Doc. #15) ("Defendant's Opp.") at 5 n.2.

locations of Ms. Ratcliffe and Ms. Duncan were contained in an employee list which Defendant produced in its initial disclosures. See id. at 6. Second, the three individuals live and work outside of Rhode Island: in Wilton, Connecticut, Tampa, Florida, and Atlanta, Georgia. Id. at 7. Defendant contends that it would require substantial expense and inconvenience for Defendant's employees to either travel to Rhode Island or for Defendant's counsel to travel to their home states to defend the depositions. See id. Third, Defendant argues that Plaintiff has offered no explanation for the need to depose these three individuals. Id. at 6. Fourth, Defendant points out that August 1, 2006, was the deadline established by the Scheduling Order for completing all depositions and other discovery. See id. at 3.

The Court finds the last of these grounds to be dispositive of the instant Motion. While Plaintiff has filed a motion to extend discovery, see Plaintiff's Motion to Extend Discovery (Doc. #13) ("Motion to Extend"), that motion has not yet been granted.

Accordingly, the Motion is DENIED without prejudice to being renewed if the Motion to Extend is granted. In the event the Motion is renewed, Plaintiff shall: 1) clarify whether Plaintiff seeks the address of Michele Ratcliffe or Michele Sommer;[2] 2) explain why the depositions are necessary (i.e., what information does Plaintiff expect to obtain from each individual); and 3) address where the depositions are to be conducted, the burden on the individuals being deposed, and the burden on Defendant in defending the depositions.

---

[2] If Plaintiff seeks an address for Michelle Sommer, Plaintiff shall explain the basis for such request in light of Defendant's representation that Plaintiff did not request such information in his interrogatories.

So ordered.

ENTER: BY ORDER:

DAVID L. MARTIN
United States Magistrate Judge
August 18, 2006

Deputy Clerk