**Exhibit A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MICHAEL RENZI<br>Plaintiff | : | |
| -vs- | : | C.A. NO. 05-290T |
| DELOITTE SERVICES LP<br>Defendants | : | |

**PLAINTIFF'S SECOND**
**<u>REQUEST FOR PRODUCTION</u>**

Plaintiff, Michael Renzi, hereby requests defendant, Deloitte & Touche USA, LLP, to produce true and accurate copies of the following documents pursuant to the Federal Rules of Civil Procedure:

1. All documents which reflect FY'05 supplemental budget appropriation to National Education Development (NED) together with an itemized list of supplemental distribution under the 8911 Industry Total function.

2. The NED proposed and approved, supplemental and actual itemized budget for FY'06.

3. The NED proposed and approved itemized budget for FY'07

4. All documents relating to payments made to outside consultants to support the industry learning function for FY'05, FY'06 and FY'07.

5. The current organizational chart for National Education and Development.

6. The current list of National Education employees in the format as previously produced in document DT0123-0122 and DT0147-0148.

JAMES H. REILLY #0658
KELLY, KELLEHER, REILLY &
SIMPSON
Attorneys for Plaintiff
146 Westminster Street - Suite 500
Providence, Rhode Island 02903-2202
(401) 272-1312
(401) 331-9397) fax

To: Attorney Darlene K. Alt
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903

Timothy P. Van Dyck, Esquire
Attorney Stephanie A. Bruce
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613

CERTIFICATION

I hereby certify that I mailed a copy of the within Request for Production to the above counsel of record on July 5, 2006.

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL RENZI,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE SERVICES LP,<br><br>Defendant. | Civil Action No. 05-290T |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Deloitte Services LP ("Deloitte Services") responds and objects to Plaintiff's Request for Production as follows. Subject to and without waiving the general and specific objections set forth below, Deloitte Services agrees to produce those documents that are responsive, not privileged, within its possession, custody or control, and that it has been able to locate following a due and diligent search in the usual locations where such documents are located. Further, to the extent that other responsive and non-privileged documents are located at a later time, Deloitte Services reserves the right to supplement its response. Deloitte Services' agreement to produce a particular type of document shall not be deemed to constitute an admission that: (1) any particular document exists, is relevant, or is admissible in evidence, or (2) that any statement or characterization in the Plaintiff's request is accurate or complete.

**General Objections**

1. Deloitte Services objects to each document request to the extent it calls for a legal conclusion or seeks documents protected from discovery by the attorney-client privilege



received 8/10/06

or work product privilege or consists of trial preparation materials or other material protected under Fed. R. Civ. P. 26(b), or seeks documents or information which are protected from disclosure by any other privilege recognized by statute, at common law, or by the Federal Rules of Civil Procedure and Deloitte Services reserves the right to withhold any privileged information or documents.

2. Deloitte Services objects to each document request to the extent that it attempts or purports to impose requirements or obligations that differ from or exceed those set forth in Fed. R. Civ. P. 34(b).

3. Deloitte Services objects to each document request that does not specify a time frame on the ground that such requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

4. Deloitte Services objects to producing more than once any document that is responsive to more than one document request. Where a single document is responsive to multiple requests, it will be produced in response to the first request to which it applies.

5. Deloitte Services objects to each document request that seeks documents containing personal or other confidential information about its employees or former employees other than the Plaintiff.

6. Deloitte Services objects to each document request to the extent that it seeks the production of documents, or copies thereof, that are in the possession, custody or control of Plaintiff or can be obtained independently by Plaintiff.

**Definition of Specific Objections**

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A. "Vague and ambiguous" means Deloitte Services objects on the basis that the request is vague, uncertain or ambiguous in meaning, or fails to identify the requested information with reasonable particularity.

B. "Overbroad" means Deloitte Services objects on the basis that the request is overbroad and calls for a potential breadth of information that is unreasonable in scope.

C. "Calls for irrelevant information" means Deloitte Services objects on the basis that the request is not likely to lead to the discovery of information or materials relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

D. "Burdensome" means Deloitte Services objects on the basis that the request is so broad and uncertain that it places an unreasonable and undue burden upon Deloitte Services. Burdensome also means that Deloitte Services objects to the request because the information sought is more readily attainable through other, more convenient, less burdensome and less expensive sources of discovery procedures.

E. "Calls for privileged information" means Deloitte Services objects on the basis that the request seeks documents or information protected by the attorney-client privilege, the attorney work product privilege, or consisting of trial preparation materials and documents containing mental impressions, conclusions, opinions and legal theories of counsel, and/or requests information which is otherwise protected under the Federal Rules of Civil Procedure or any other valid privilege.

F. "Calls for confidential information" means Deloitte Services objects on the basis that the request seeks personal, private or confidential information about individuals, or about Deloitte Services' business operations.

**Specific Responses and Objections**

Subject to and without waiving the foregoing General Objections, Deloitte Services responds and objects to the specific requests as follows:

**REQUEST NO. 1 :**

All documents which reflect FY'05 supplemental budget appropriation to National Education Development (NED) together with an itemized list of supplemental distribution under the 8911 Industry Total function.

**RESPONSE TO REQUEST NO. 1:**

Deloitte Services objects to this request on the grounds that it is vague and ambiguous, overbroad, and calls for irrelevant and confidential information. Subject to and without waiving any of its objections, Deloitte Services states that no supplemental funding was granted to the Industry Learning function, and thus no itemized list of supplemental distribution exists.

**REQUEST NO. 2:**

The NED proposed and approved, supplemental and actual itemized budget for FY'06.

**RESPONSE TO REQUEST NO. 2:**

Deloitte Services objects to this request on the grounds that it seeks confidential documents not relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 3:**

The NED proposed and approved itemized budget for FY'07.

**RESPONSE TO REQUEST NO. 3:**

Deloitte Services objects to this request on the grounds that it seeks confidential documents not relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 4:**

All documents relating to payments made to outside consultants to support the industry learning function for FY'05, FY'06 and FY'07.

**RESPONSE TO REQUEST NO. 4:**

Deloitte Services objects to this request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome and calls for irrelevant and confidential information. Specifically, Deloitte Services objects to the phrase "outside consultants to support the industry learning function" because it renders this request vague, ambiguous, overly broad and unduly burdensome.

**REQUEST NO. 5:**

The current organizational chart for National Education and Development.

**RESPONSE TO REQUEST NO. 5:**

Deloitte Services objects to this request on the grounds that it seeks confidential documents not relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

The current list of National Education employees in the format as previously produced in document DT0123-0122 and DT0147-0148.

**RESPONSE TO REQUEST NO. 6:**

Deloitte Services objects to this request on the grounds that it is vague and ambiguous, overbroad, and calls for irrelevant and confidential information, the disclosure of which would violate the privacy rights of individuals not a party to this lawsuit.

DELOITTE SERVICES LP,
By their Attorneys,

Timothy P. Van Dyck (BBO #548347 )
Stephanie A. Bruce (BBO #657370)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100

and

Darlene K. Alt (#6345)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200

Dated: August 9, 2006

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney(s) of record for each other party by first class mail on August 9, 2006:

________________________