UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL RENZI,<br><br>Plaintiff,<br><br>v.<br><br>DELOITTE SERVICES LP,<br><br>Defendant. | Civil Action No. 05-290T |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

Defendant Deloitte Services LP ("Deloitte Services") opposes Plaintiff Michael Renzi's ("Renzi") Motion for an Extension of Time to Complete Discovery. Mr. Renzi's belated attempt to disclose an expert witness to testify in this case should be denied because it unfairly prejudices Deloitte Services and utterly lacks good cause. Contrary to the representations in his Memorandum, this is the first time Mr. Renzi has informed this Court that he has retained an expert witness to testify in this case. Under the Scheduling Order in this case, Mr. Renzi was required to make such disclosure "immediately after retention and before the Closure Date [of August 1, 2006]." Not only did Mr. Renzi and his counsel fail to make such disclosure to this Court before August 1, 2006, Mr. Renzi's counsel never made such disclosure at the August 30, 2006 hearing as he claims, but represented to this Court only that Mr. Renzi needed a limited extension of discovery for the sole purpose of taking the depositions of four Deloitte Services employees. Mr. Renzi's counsel further failed to raise the issue in the parties' Joint Motion for an Extension of Time to Complete Discovery and Other Deadlines (the "Joint Motion") that they recently filed on October 30, 2006. Indeed, the Joint Motion merely requested a brief extension "to allow Plaintiff to conduct the four depositions he deems necessary to complete discovery in

this case" and no mention of an expert witness was made, or requested by Mr. Renzi's counsel before he signed off on the motion.

Mr. Renzi has not made, nor can he make, the requisite showing of good cause to warrant any modification of the Court's initial Scheduling Order, or of the Joint Motion to which Mr. Renzi himself very recently agreed. Indeed, the purported issue to which Mr. Renzi's proposed expert would testify did not arise unannounced and unforeseen after the discovery deadline. Not only has Mr. Renzi failed to provide any explanation whatsoever for his excessive delay, Mr. Renzi has failed to explain why he requires an economist to testify as to his damages in this garden variety employment discrimination case. For all of these reasons, Mr. Renzi's Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Renzi brought this lawsuit in July 2005, alleging that he was discriminated against on account of his age when Deloitte Services eliminated his position in July 2004. In fact, Mr. Renzi's age had nothing to do with its decision to eliminate his position; rather, his position was eliminated due to budget cuts and a determination that the responsibilities of his position could be distributed among other employees and performed as part of these employees' existing duties. Moreover, Mr. Renzi was able to secure another job— one that pays approximately $100,000 per year— approximately one month after being terminated. Renzi Dep. 140:4-12; 149:16-19.

On February 1, 2006, the Court issued a Scheduling Order in this case establishing August 1, 2006 as the "Closure Date", or the deadline for serving all interrogatories and requests for production, and completing all depositions and other discovery. With regard to expert witnesses, Paragraph 3 of the Scheduling Order provides as follows:

> Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identify of such



BOS111 12097441.2

> witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before the Closure Date. In any event, disclosure shall be made within the times prescribed by Fed. R. Civ. P. 26(a)(2)(C). Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

(emphasis in original).

On February 7, 2006, Deloitte Services served Mr. Renzi with its written discovery requests. Among these requests, Deloitte Services specifically asked Mr. Renzi to identify "all expert witnesses you expect to call at trial on this matter" as well as provide the subject matter on which the expert is expected to testify and the grounds for each opinion the expert witness is expected to give. Plaintiff's Int. Ans., No. 11. On or about March 28, 2006, in response to this interrogatory, Mr. Renzi stated, "None at present", indicating that he had no intention at that time to call any experts at trial. *Id.* Also, in response to another interrogatory, Mr. Renzi set forth a detailed calculation of his damages, which he claims are in excess of $750,000. According to Mr. Renzi's calculations, this figure consists of 10 years of front pay (from the time of his layoff at age 60 through age 70) as well as compensation for other benefits and expenses, including his purchase of a $21,000 car for transportation to his new job. Plaintiff's Int. Ans., No. 3(e). At no time prior to the Closure Date of August 1, 2006 did Mr. Renzi supplement either of these responses (nor has he at any time since).

Approximately three weeks before the Closure Date, Mr. Renzi served Deloitte Services with a flurry of last-minute discovery requests and deposition notices for seven current and/or former employees, all of whom were located in states other than Rhode Island and all but one of whom were well outside the 100-mile limit of the Court's subpoena power under Fed. R. Civ. P. 45(b)(2). Absent a properly-issued subpoena, Deloitte Services declined to produce these individuals for deposition, especially given the undue burden and expense it would place upon

these individuals, and further maintained its objections to providing Mr. Renzi with their home addresses on privacy grounds. As a result of these objections, on July 28, 2006 Plaintiff's counsel filed a motion to compel the addresses of three of the individuals, as well as a motion to extend the discovery period. Notably, Plaintiff made no mention of any expert witnesses at that time, and his motion to extend discovery argued only that he sought "an additional 60 days to conduct these depositions [of five Deloitte Services employees] so that this case can be adequately prepared for trial."

A day earlier, on July 27, 2006, Deloitte Services had submitted, pursuant to the Scheduling Order, a letter to Judge Torres requesting permission to file a motion for summary judgment on all claims against it. Subsequently, the court scheduled a conference for August 30, 2006 to discuss Deloitte Services' proposed motion for summary judgment and the status of discovery. At this conference, Judge Torres ordered the parties to engage in mediation. Mediation took place before Magistrate Judge Lovegreen on October 18, 2006, but unfortunately did not result in a settlement of this matter. Following the mediation, the parties filed a Joint Motion for an Extension of Time to Complete Discovery and Other Deadlines on October 30, 2006, requesting a *limited* extension of discovery until December 15, 2006 "in order to allow Plaintiff to conduct the four depositions he deems necessary to complete discovery in this case."

Contrary to the representations in his memorandum in support of his motion for an extension of time to complete discovery, Mr. Renzi's counsel never mentioned in the conference before Judge Torres anything about an expert witness, but represented only that Mr. Renzi needed a limited extension of discovery for the sole purpose of taking the depositions of four Deloitte Services employees. At most, Mr. Renzi's counsel made vague mention to Deloitte Services' counsel outside the courthouse after the hearing about the possibility of retaining an

expert witness, to which Deloitte Services' counsel did not respond. He again mentioned it in passing at the mediation. Moreover, Mr. Renzi's counsel made no mention of the issue, despite having the perfect opportunity to do so, when the parties later discussed and agreed to their Joint Motion for a limited extension of discovery. It was not until after the filing of the Joint Motion on October 30, 2006 that Mr. Renzi's counsel brought up the issue again. Deloitte Services thus objected to such belated attempts at disclosing an expert witness, and Mr. Renzi filed his present Motion for an Extension of Time to Complete Discovery on November 22, 2006. Deloitte Services hereby opposes Plaintiff's Motion.

## ARGUMENT

### A. PLAINTIFF CANNOT ESTABLISH "GOOD CAUSE" FOR A MODIFICATION OF THE SCHEDULING ORDER.

A modification of the scheduling order may only be granted "upon a showing of good cause." Fed. R. Civ. P. 16(b); *see also* Judge Torres' Scheduling Order ("Any such [expert] witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown") (emphasis added). This standard requires Mr. Renzi to demonstrate that the scheduling order "cannot reasonably be met despite [his] diligence." Rule 16(b), Federal Rules of Civil Procedure Advisory Committee Notes— 1983 Amendment. Mr. Renzi is unable to meet this standard.

Mr. Renzi had ample opportunity to disclose his expert witness in this case before the Closure Date of August 1, 2006, as required by the Scheduling Order and as specifically requested by Deloitte Services in its Interrogatories to Plaintiff dated February 7, 2006. Nevertheless, Mr. Renzi failed to do so, and he has failed to assert, let alone demonstrate, why it has taken him until now to disclose the fact that he has retained and intends to call an expert witness to testify at trial.

Indeed, the purported issue to which Mr. Renzi's proposed expert would testify—Mr. Renzi's alleged economic damages— did not arise "unannounced and unforeseen" after the discovery deadline. See Cabana v. Forcier, KNA Trucking Co. Inc., 200 F.R.D. 9, 15 (D. Mass. 2001) (quoting Sprague v. United Air Lines, Inc., 2000 WL 621112, at *1 (D. Mass. May 3, 2000) (denying motion for modification of scheduling order where issue to which proposed new expert would testify "did not arise unannounced and unforeseen after the deadline")). Quite the contrary, Mr. Renzi was well aware of his former salary and benefits at Deloitte Services and the expenses he incurred after his layoff, as illustrated by the information he set forth in response to Deloitte Services' Interrogatory No. 3(e). Because the issue of his damages "should have been clear to [Mr. Renzi] from the inception of the instant suit", Cabana, 200 F.R.D. at 15, Mr. Renzi cannot establish good cause for failing to retain and disclose an expert witness on that issue before the discovery deadline.

Even assuming this issue arose right before or after the close of discovery, there is no reason why Mr. Renzi should have waited until now— four months later— to disclose his expert witness. Indeed, Mr. Renzi has had multiple opportunities to bring the matter before the Court, yet he did not. First, Mr. Renzi moved for an extension of discovery on July 28, 2006. Second, he argued for an extension of discovery before this court on August 30, 2006. Finally, he agreed to the parties' Joint Motion for a limited extension of discovery on October 30, 2006. At no time, however, did he take any of these three opportunities to inform the Court of his need to disclose an expert witness. At best, Mr. Renzi's counsel made mention of possibly retaining an expert witness to Deloitte's counsel after the August 30, 2006 hearing. A party's inefficient behavior, whether purposeful or inadvertent, cannot be the basis for an extension of discovery. See AMW Materials Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003)

(whether failure to complete discovery within the time permitted was a "calculated decision" or the result of "[c]ounsel's inadvertence or oversight," such reasons are "not good cause for purposes of [modifying a scheduling order under] Rule 16"). Indeed, "if oversight or inadvertence constituted good cause, all scheduling orders would become meaningless." *Id.* (citing Bracy v. State of New York, et al., No. 98 CV 3308, 2001 WL 1550666, at *1 (S.D.N.Y. Dec. 5, 2001)).

Under these circumstances, any attempt by Mr. Renzi to claim that he has been diligent in meeting his discovery obligations and has good cause to move to amend the discovery order simply fails. See Scheidecker v. Arvig Enterp., Inc., 193 F.R.D. 630, 631 (D. Minn. 2000) ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief") (internal citation omitted). Deloitte Services should not be required to bear the burden and expense of belated and unanticipated discovery because of Mr. Renzi's delinquent failure to put Deloitte Services on proper notice of his intent to call an expert to testify at trial. Because Mr. Renzi has failed to meet his burden of demonstrating good cause for failing to disclose his expert witness past the deadline, his Motion for an extension of time to complete discovery should be denied.

**B. PLAINTIFF HAS FAILED TO DEMONSTRATE THE NECESSITY FOR THE EXPERT WITNESS HE SEEKS TO TESTIFY AT TRIAL.**

Mr. Renzi's motion should also be denied because he has offered no basis for why an economist's testimony is necessary to prove his damages in this garden variety employment discrimination case, or how the benefit of this testimony would outweigh the unreasonable burden and expense on Deloitte. See, e.g., Sprague, 2000 WL 621112, at *1 (finding that where the testimony of a late-designated expert witness, though valuable to a party, is not essential, such witness may be excluded); Fed. R. Civ. P. 26(b)(2) ("[t]he frequency or extent of use of the

discovery methods otherwise permitted under these rules … shall be limited by the court if it determines that …. (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case … and the importance of the proposed discovery in resolving the issues”).

This is a garden variety disparate treatment case. Mr. Renzi has already set forth a detailed calculation of his purported damages, which may be understood by officers of the court and laypersons alike; such information need not be interpreted by an economist. As noted above, if Mr. Renzi’s expert witness were permitted to testify, however, it would require significant additional expense for Deloitte Services’ counsel to depose this expert witness and possibly retain its own expert witness to analyze and rebut his opinions. The burden and expense of the additional discovery that such expert witness would require outweighs its likely benefit in this case.

**CONCLUSION**

For the foregoing reasons, Deloitte Services respectfully requests that Plaintiff’s Motion for an Extension of Time to Complete Discovery be denied, and his expert witness should be barred from testifying at trial.

DELOITTE SERVICES LP,
By its attorneys,

/s/ Darlene K. Alt

Darlene K. Alt (#6345)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
401.274.9200

and

Timothy P. Van Dyck (BBO No. 548347 )
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199-7613
617.239.0100
(617) 227-4420 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 6, 2006, and that there are no non-registered participants.

/s/ Darlene K. Alt